Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONNOR RICHARDS,**<br><br>Plaintiff,<br><br>vs.<br><br>**BREEZY LA LLC,**<br><br>Defendant. | Case No.: **2:25-cv-03145-PA-MAR**<br><br>**MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF, CONNOR RICHARDS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT** Date:<br><br>**January 26, 2026**<br><br>**Time: 1:30 PM**<br><br>**Location: First Street U.S. Courthouse, Los Angeles Courtroom 9A, 9th Floor**<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY COURT]** |

COMES NOW, Plaintiff, Connor Richards ("Plaintiff") by and through the undersigned

counsel, pursuant to Federal Rule of Civil Procedure 55(b)(2) hereby requests that this Honorable Court enter this Default Final Judgment against Defendant, Breezy LA LLC ("Defendant"), and in support thereof, states as follows:

## PROCEDURAL HISTORY

1. Plaintiff filed the instant action on or about April 10, 2025, alleging that Defendant, Breezy LA LLC, violated the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2. On or about April 14, 2025, the Clerk of Court issued the Summons as to Defendant in this matter.

3. On September 18, 2025, Defendant was served with the Summons and a copy of the Complaint. [D.E. 22].

4. Defendant failed to appear, answer, or otherwise respond to the instant Complaint and a Clerk's Default was entered against Defendant on October 17, 2025. [D.E. 26].

5. On October 20, 2025, this Honorable Court directed Plaintiff to file a Motion for Default Final Judgment within 30 days of execution of said Order [D.E. 14].

## BACKGROUND

On or about October 23, 2023, Plaintiff requested to opt-out of Defendant's solicitations by replying to Defendant with a stop instruction [*See Plaintiff's Complaint*; ECF 1]. Defendant sent text messages to Plaintiff in an attempt to market a sale. Defendant ignored Plaintiff's numerous opt-out requests and continued soliciting Plaintiff. Overall, Defendant sent Plaintiff three (3) marketing text messages after Plaintiff's *first* opt-out request. Defendant refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant, lacking

requisite policies and procedures, do not train its personnel engaging in telemarketing, and do not maintain procedures for handling and processing opt-out requests prior to the initiation of violative text messages as reflected by the multiple opt out requests made by Plaintiff [*See Plaintiff's Complaint*; ECF 1]. Plaintiff utilizes the cellular telephone that received Defendant's violative text messages for personal purposes and the number is Plaintiff's residential telephone line. Defendant's text messages caused Plaintiff harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## **LEGAL STANDARD**

After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002). The Ninth Circuit has enumerated factors which may be considered by courts in exercising discretion as to the entry of a default judgment, which include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning

material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *Kaplan v. My Credit Care, Inc.*, No. 8:23-cv-01140-JWH-DFM, 2025 LX 136040, at *4 (C.D. Cal. Feb. 3, 2025).

## ANALYSIS

Defendant, Breezy LA LLC. was duly served on September 18, 2025, to its Registered Agent assigned in Los Angeles [D.E. 22]. A copy of the Motion for Clerk's Default will be subsequently served along with a copy of this Motion for Entry of Final Judgment and a Proof of Service will be forthcoming. Substantial time has elapsed since service, giving the Defendant ample opportunity to file a responsive pleading. The Defendant has also had ample time to challenge the complaint or move to have the Entry of Default set aside. Breezy LA LLC, Inc. has failed to do so, and Plaintiff has done its due diligence to assure that Defendant is duly informed of this action. As such, Plaintiff is entitled to Default Judgment.

### I.  PREJUDICE TO PLAINTIFF

Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.")

Here, since Plaintiff has no other means to recover damages from Defendant, Plaintiff would be prejudiced if default judgment is not granted. Thus, the Court should weigh this factor in favor of granting the Motion.

**II.     PLAINTIFF'S COMPLAINT IS SUFFICIENT TO STATE A MERITORIOUS CLAIM**

The Ninth Circuit has suggested that the two factors of (i) the merits of Plaintiff's substantive claims and (ii) the sufficiency of the complaint require that a plaintiff "state a claim on which the [plaintiff] may recover." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

In this case, The Telephone Consumer Protection Act's implementing regulation, 47 C.F.R. § 64.1200(d) provides in pertinent that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Per 47 C.F.R. § 64.1200(d) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c). Plaintiff's complaint states that Defendant sent Plaintiff three (3) marketing text messages after Plaintiff provided a stop-instruction to Defendant. Thus, Plaintiff has stated a valid claim for Defendant's violations of the TCPA, and the Court should weigh this factor in favor of granting the Motion.

**III.     THE SUM OF MONEY AT STAKE IN THE ACTION**

In considering this factor, the Court "must consider the amount of money at stake in

Default judgment is disfavored where "the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

In this case, Plaintiff is seeking monetary damages. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every negligent violation. 47 U.S.C. § 227(c)(5). Corroborated by the evidence produced by Plaintiff, Plaintiff is entitled to $500.00 for each of Defendant's negligent violations of the TCPA. [See Plaintiff's Complaint; ECF 1]. Thus, Plaintiff is seeking $1,500 for the three (3) text messages that Defendant sent to Plaintiff after Plaintiff's stop instruction. This amount is reasonable under the circumstances. *Kaplan v. My Credit Care, Inc.*, No. 8:23-cv-01140-JWH-DFM, 2025 LX 136040, at *7 (C.D. Cal. Feb. 3, 2025) (finding reasonableness where Plaintiff asked for "$1000 in statutory damages, plus $596.74 in costs, for a total of $1,596.74. That relatively small award is plainly contemplated by the TCPA; as such, it is reasonable for purposes of the Eitel inquiry.")

**IV.    THE POSSIBILITY OF DISPUTE CONCERNING MATERIAL FACTS**

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Pepsico, Inc.*, 238 F.Supp.2d at 1177. Because Defendant "failed to appear at any hearing and failed to defend this action, it is unlikely that disputes regarding material facts will arise." *Kaplan v. My Credit Care, Inc.*, No. 8:23-cv-01140-JWH-DFM, 2025

MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF, CONNOR RICHARDS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

LX 136040, at *8 (C.D. Cal. Feb. 3, 2025). In this case, since default was entered against Defendant after no appearance, the well-pleaded facts in Plaintiff's complaint are taken as true, and there is a very low likelihood that Defendant will appear to dispute the facts.

### V. WHETHER DEFAULT WAS DUE TO EXCUSABLE NEGLECT

Where a defendant is properly served "with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion, there is little possibility of excusable neglect." *Globe Ent. & Media, Corp. v. Glob. Images USA*, No. 2:20-CV-11630-CAS, 2022 U.S. Dist. LEXIS 123358, at *12 (C.D. Cal. July 11, 2022). In this case, Defendant was served with the Summons and Complaint on September 18, 2025. Thus, it is unlikely the failure to respond was the result of excusable neglect. Further, Plaintiff will serve the moving papers in support of this Motion upon Defendant prior to the scheduled hearing.

### VI. POLICY DISFAVORING DEFAULT JUDGMENT

Default judgments are generally disfavored because cases "should be decided on their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." *Globe Ent. & Media, Corp. v. Glob. Images USA*, No. 2:20-CV-11630-CAS, 2022 U.S. Dist. LEXIS 123358, at *13 (C.D. Cal. July 11, 2022) Thus, defendant's failure to appear or otherwise respond makes a decision on the merits in this case "impractical, if not impossible." *Id.*

### VII. PLAINTIFF IS ENTITLED TO COSTS INCURRED BY PLAINTIFF'S COUNSEL

Under Fed. R. Civ. P. 54(d)(1), as the prevailing party, Plaintiff is entitled to an award of costs incurred by Plaintiff's Counsel. The costs incurred in this action include the filing fee

of $402.00 and process server charges of $484.60, and postage or mail related costs of $15.84, for a total of $902.44 in costs. Should the Court grant Plaintiff's Motion for Default Judgment, Plaintiff respectfully requests an award of $902.44 for costs pursuant to Fed. R. Civ. P. 54(d)(1).

## CONCLUSION

Based on the allegations Plaintiff has set forth in the Complaint, and accompanying declarations, statutory damages for each violation of the TCPA is appropriate in this case.

Wherefore, Connor Richards, respectfully requests that this Honorable Court enter an Order granting Plaintiff's Motion for Final Default Judgment against Defendant, Breezy LA LLC awarding Plaintiff $1,500.00 in statutory damages pursuant to the TCPA.

Dated: November 17, 2025

    Respectfully Submitted,

**GERALD D. LANE, JR., ESQ.**
California Bar No: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 17, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a

1  notice of electronic filing to all parties/counsels of record, and mailed to Registered Agent of

   Defendant, BREEZY LA LLC, 2810 Mesa Alta, Arroyo Grande, California 93420.

18

19

20

21

22

MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF,
CONNOR RICHARDS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT